# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHESTER RAY WISEMAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MARTIN D. BITER, et al.,<br><br>　　　　　Defendants. | Case No.: 1:18-cv-00126-LJO-SAB (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY DEFENDANTS SWANSON, ROMERO, AND M. POMOA SHOULD NOT BE DISMISSED PURSUANT TO RULE 4(M) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>[ECF No. 14] |

Plaintiff Chester Ray Wiseman is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's claim for deliberate indifference to a serious medical need against Defendants Romero, Swanson, R. Rivera. M. Pomoa and R. Perez.

The United States Marshal was not able to locate or identify Defendants Swanson, Romero, and M. Pomoa, and service was returned un-executed on May 3, 2018. The following information was provided by the Marshal:

<u>Regarding Officer Swanson</u>: "KVSP has two officers named 'Swanson.' Please provide additional information to properly identify. Neither employee work scheduled times/dates in complaint."

<u>Regarding Officer Romero</u>: "KVSP has three officers with that name. The dates in the complaint could apply to multiple. Additional information is needed to identify."

1

Regarding Officer M. Pomoa: "KVSP does not have an employee named 'Pomoa.' They do have an Officer Pompoa, but the dates in the complaint don't match his working schedule. We request additional info."

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

At this juncture, the United States Marshal's office has exhausted the avenues available to it in attempting to locate and serve Defendants Swanson, Romero and M. Pomoa. Plaintiff shall be provided with an opportunity to show cause why these Defendants should not be dismissed. Fed. R. Civ. P. 4(m). Plaintiff may comply with this order by providing further information sufficient to identify these Defendants for service of process. If Plaintiff either fails to respond to this order or responds but fails to show cause, these Defendants shall be dismissed from this action, without prejudice.

///

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why Defendants Swanson, Romero and M. Pomoa should not be dismissed from this action; and

2. <u>The failure to respond to this order or the failure to show cause will result in the dismissal of Defendants Swanson, Romero and M. Pomoa from this action</u>.

IT IS SO ORDERED.

Dated: **May 7, 2018**

UNITED STATES MAGISTRATE JUDGE