# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHESTER RAY WISEMAN,<br><br>    Plaintiff,<br><br>v.<br><br>MARTIN D. BITER, et al.,<br><br>    Defendants. | Case No.: 1:18-cv-00126-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXPERT MEDICAL WITNESS TESTIMONY<br>[ECF No. 33]<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR MEDICAL EXAMINATION BY MEDICAL SPECIALIST<br>[ECF No. 34] |

Plaintiff Chester Ray Wiseman is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court are Plaintiff's motion for expert medical witness testimony; and Plaintiff's motion for medical examination by a medical specialist, both filed on August 3, 2018. (ECF Nos. 33, 34.) Plaintiff asserts that a medical expert witness is necessary to give an opinion on Plaintiff's damages, and to rebut Defendants' medical experts. Plaintiff also asserts that the medical examination is necessary to produce the expert medical opinion regarding his damages and to rebut the Defendants' medical specialists.

Federal Rule of Evidence 706 authorizes courts, within their discretion, to appointment a neutral, independent expert witness. Fed. R. Evid. 706(a); Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). The appointment of such an expert witness may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue." Ledford v. Sullivan, 105 F.3d 354, 358-59 (7th Cir. 1997).

1

Plaintiff has not identified any pending motion for which expert assistance is needed, nor does the Court find any expert assistance is needed to evaluate any currently pending motion. Thus, Plaintiff's motion for the appointment of an expert witness is, at the very least, premature. See Vanderbusch v. Chokatos, No. 1:13-cv-01422-LJO-EPG, 2017 WL 4574121, at *1 (E.D. Cal. Oct. 13, 2017) (plaintiff's request for an expert witness denied because a trial date had not yet been scheduled); Flournoy v. Maness, No. 2:11-cv-02844-KJM-EFB, 2016 WL 6493970, at *1 n.1 (E.D. Cal. Nov. 2, 2016) (declining to appoint a medical expert when no summary judgment motions pending).

Further, to the extent Plaintiff seeks an expert witness as an advocate for his case, such as to give proof of his damages, his request cannot be granted. The statute authorizing a plaintiff's in forma pauperis status does not authorize the expenditure of public funds for expert witnesses. See 28 U.S.C. § 1915; Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam) (expenditure of public funds on behalf of indigent litigant is proper only when authorized by Congress); Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987) (no provision to pay fees for expert witnesses); Brooks v. Tate, No. 1:11-cv-01503-AWI-DLB, 2013 WL 4049043, *1 (E.D. Cal. Aug. 7, 2013) (denying appointment of medical expert on behalf of state prisoner in section 1983 action); Gorrell v. Sneath, No. 1:12-cv-0554-JLT, 2013 WL 3357646, * 1 (E.D. Cal. Jul. 3, 2013) (purpose of court-appointed expert is to assist the trier of fact, not to serve as an advocate for a particular party).

For these reasons, Plaintiff's motions regarding an expert medical witness and examination (ECF Nos. 33, 34) are HEREBY DENIED.

IT IS SO ORDERED.

Dated: **August 6, 2018**

UNITED STATES MAGISTRATE JUDGE