1
2
3
4
5
6
7
8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

11 CHESTER RAY WISEMAN,        ) Case No.: 1:18-cv-00126-LJO-SAB (PC)
                             )

12         Plaintiff,        )
                             ) FINDINGS AND RECOMMENDATION

13      v.        ) REGARDING DEFENDANTS' EXHAUSTION-
                             ) RELATED MOTION FOR SUMMARY

14 MARTIN D. BITER, et al.,     ) JUDGMENT
                             )

15         Defendants.    ) [ECF No. 42]
                             )

16 _____ )

17      Plaintiff Chester Ray Wiseman is appearing pro se and in forma pauperis in this civil rights

18 action pursuant to 42 U.S.C. § 1983.

19      Currently before the Court is Defendants' exhaustion-related motion for summary judgment,

20 filed October 5, 2018.

21 **I.**

22 **PROCEDURAL HISTORY**

23      This action is proceeding against Defendants Romero, Swanson, R. Rivera. M. Pomoa and R.

24 Perez for deliberate indifference to a serious medical need.

25      On June 20, 2018, Defendants Perez and Rivera filed an answer to the complaint.  (ECF No.

26 22.)

27      On July 16, 2018, a settlement conference was conducted by Magistrate Judge Barbara A.

28 McAuliffe, but the case did not settle.  (ECF No. 26.)

1

On July 17, 2018, the Court issued the discovery and scheduling order. (ECF No. 27.)

On July 19, 2018, Defendants Romero, Swanson, R. Rivera. M. Pomoa and R. Perez filed an answer to the complaint. (ECF No. 28.)

As previously stated, on October 5, 2018, Defendants filed an exhaustion-related motion for summary judgment. (ECF No. 42.) Plaintiff filed an opposition on December 3, 2018, and Defendants filed a reply on December 10, 2018. (ECF Nos. 50, 51.) Accordingly, Defendants' motion for summary judgment is deemed submitted for review without oral argument. Local Rule 230(l).

**II.**

**LEGAL STANDARD**

**A.      Statutory Exhaustion Requirement**

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __ 136 S.Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.'"). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

An administrative remedy is unavailable if (1) the "administrative procedure … operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the "administrative scheme … [is] so opaque that it becomes, practically speaking, incapable of use … so that no ordinary prisoner can make sense of what it demands;" and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1859-60 (citations omitted). Ross, 136 S.Ct. at 1859-60 (citations omitted).

///

///

2

1    This statutory exhaustion requirement applies to all inmate suits about prison life, <u>Porter v.</u>

2    <u>Nussle</u>, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the

3    prisoner or the relief offered by the process, <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001), and

4    unexhausted claims may not be brought to court, <u>Jones v. Bock</u>, 549 U.S. 199, 211 (2007) (citing

5    <u>Porter</u>, 534 U.S. at 524).

6         The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising

7    and proving the absence of exhaustion. <u>Jones</u>, 549 U.S. at 216; <u>Albino</u>, 747 F.3d at 1166. "In the rare

8    event that a failure to exhaust is clear from the face of the complaint, a defendant may move for

9    dismissal under Rule 12(b)(6)." <u>Albino</u>, 747 F.3d at 1166. Otherwise, the defendants must produce

10   evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only

11   if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to

12   exhaust. <u>Id.</u>

13        **B.     Summary Judgment Standard**

14        Any party may move for summary judgment, and the Court shall grant summary judgment if

15   the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

16   judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); <u>Albino</u>, 747 F.3d at

17   1166; <u>Washington Mut. Inc. v. U.S.</u>, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position,

18   whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of

19   materials in the record, including but not limited to depositions, documents, declarations, or discovery;

20   or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or

21   that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P.

22   56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to

23   by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); <u>Carmen v. San Francisco</u>

24   <u>Unified Sch. Dist.</u>, 237 F.3d 1026, 1031 (9th Cir. 2001); <u>accord</u> <u>Simmons v. Navajo Cnty., Ariz.</u>, 609

25   F.3d 1011, 1017 (9th Cir. 2010).

26        The defendants bear the burden of proof in moving for summary judgment for failure to

27   exhaust, <u>Albino</u>, 747 F.3d at 1166, and they must "prove that there was an available administrative

28   remedy, and that the prisoner did not exhaust that available remedy," <u>id.</u> at 1172. If the defendants

carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

**III.**

**DISCUSSION**

### A.    Description of CDCR's Administrative Remedy Process

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). CDCR's administrative grievance process for non-medical appeals consists of three levels of review: (1) first level formal written appeals; (2) second level appeal to the Warden or designees; and (3) third level appeal to the Office of Appeals (OOA). Inmates are required to submit appeals on a standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b). The California Code of Regulations also requires the following:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.

Cal. Code Regs. tit. 15, § 3084.2(a)(3).

///

///

**B.     Summary of Allegations Underlying Plaintiff's Constitutional Claims**

On March 16, 2015, Plaintiff was seen by nurse practitioner Ameen Manasrah due to ongoing medical care which required the renewal of Plaintiff's lower bunk medical chrono for lower bunk, special handcuffing and lifting restrictions.  The chrono was approved as a comprehensive accommodation medical chrono on March 16, 2015 and became effective immediately.

On this same date, Plaintiff informed Defendant Perez that his lower bunk medical chrono had been updated and renewed, but he was still being required to climb into the upper bunk despite his knee braces on both knees causing severe pain and discomfort.  Defendant Perez did not take any action in response to Plaintiff's complaints.

On or about March 17, 2015, Plaintiff informed Defendant Swanson that his lower bunk medical chrono had been updated and renewed, but he was still being required to climb into the upper bunk.  Defendant Swanson informed Plaintiff that the medical chrono was posted on the computer when he checked it, but it had been removed moments later when he rechecked the computer.  Plaintiff informed Swanson that the lower bunk chrono had been renewed on March 16, 2015 by nurse practitioner Ameen Manasrah and is valid.  However, Swanson failed to take any action.

On or about March 18, 2015, Plaintiff informed Defendants Pomoa and Romero that his lower bunk medical chrono had been renewed, but it was not being honored.  Plaintiff also informed Pomoa and Romero that having to continue to climb into an upper bunk with knee braces was causing him to suffer undue pain and discomfort.  Defendants failed to take any action in response to Plaintiff's complaints.

On March 19, 2015, Plaintiff informed Defendant Perez that his lower bunk medical chrono had been updated and renewed on March 16, 2015, but he is still being required to climb into the upper bunk with knee braces causing him pain and discomfort.  Defendant Perez failed to take any action.

On or about March 20, 2015, Plaintiff informed Defendant Rivera that his lower bunk medical chrono had been renewed and updated, but it was not being honored and he was required to climb into the upper bunk causing pain and discomfort.  Defendant River failed to take any action.

5

On March 21, 2015, due to continued and ongoing pain and discomfort from having to climb onto the upper bunk, Plaintiff submitted a medical request form seeking medical treatment.

On March 23, 2015, Plaintiff was seen by a registered nurse at the Facility C medical clinic. Plaintiff explained that he was experiencing severe pain and discomfort by being forced to climb into an upper bunk with knee braces on both knees, despite having a medical chrono for a lower bunk. Plaintiff was informed that it was a custody problem and not a medical problem and it should be addressed with custody staff.

On this same date, while Plaintiff was coming down out of his assigned upper bunk, he twisted his right ankle, as his right leg cramped up and right hip locked up, causing him to fall down from the top to the cell floor where he remained until medical help arrived to assist him. Plaintiff was taken to Mercy Hospital in Bakersfield, California where it was determined that Plaintiff had suffered a right hip sprain and right ankle sprain.

Plaintiff received physical therapy for his right ankle due to continued swelling, suffering of pain and discomfort.

On May 7, 2015, while Plaintiff was showering in Facility C, Building 7, he slipped and fell on the wet tiled floor and injured his left hip and left shoulder. Plaintiff did not receive medical care until the following day.

**C.      Statement of Undisputed Facts**

1.      Non-health care inmate appeals are appropriate for allegations of excessive force, failure-to protect, retaliation, or any other alleged misconduct by correctional officers or their superiors. (Declaration of M. Voong (Voong Decl.), ¶ 1, Attach. 1.)

2.      Non-health care inmate appeals are reviewed by the institution Appeals Office and the Office of Appeals. (Voong Decl. ¶ 2.)

3.      When an inmate submits an appeal that does not comply with regulations governing the appeal process, the Appeals Coordinator will reject (or "screen out") and return the appeal with the reasons for the screening, and instructions on how to correct the defect, if correction is possible. An cancelled appeal is returned to the inmate with the reason(s) for the cancellation and a notification that

6

the inmate may separately appeal the cancellation decision within statutory deadlines. (Voong Decl. ¶ 4.)

4. Between March 16, 2015, and January 25, 2018, Plaintiff, Chester Ray Wiseman (CDCR No. K-65722), did not submit an appeal that was accepted for a third and final level of review regarding the allegations raised in Plaintiff's complaint against Defendants Perez, Pompa, Rivera, Romero or Swanson. (Voong Decl. ¶¶ 7-9.)

5. Plaintiff submitted an inmate appeal, institutional log no. KVSP 15-00956, in which he complained that his lower bunk chrono issued on March 16, 2015 was ignored by staff. Plaintiff listed staff that he complained about as "Romero, Pomoa, Swanson, River and R. Perez." This appeal received a first level response. However, the appeal was cancelled at the second level because Plaintiff exceeded the time constraints for submitting the appeal. This appeal was not considered for a third level decision. (Voong Decl. ¶ 8(b), Ex. B.)

6. Plaintiff submitted an inmate appeal, which was given log no. TLR Case No. 1503860 (institution log no. KVSP-15-2111), regarding the cancellation of his inmate appeal, institution log no. KVSP 15-00956. Inmate appeal log no. TLR Case No. 1503860, was only considered for its appeal of the cancellation decision on inmate appeal institution log no. KVSP 15-00956. Inmate appeal log no. TLR Case No. 1503860 (institution log no. KVSP-15-2211), was denied at the third level on November 24, 2015. (Voong Decl. ¶ 8(c).)

**D.      Defendants' Motion for Summary Judgment**

Defendants argue that despite an available administrative grievance process, Plaintiff did not submit an appeal that was accepted for third and final level and exhausted through the third level, prior to bringing suit, regarding the allegations at issue in this action.

In his opposition, Plaintiff contends that Defendants have failed to show that he had control of the non-health care appeal once it was placed into the inmate appeals box located in the housing unit. (Pl.'s Opp'n at 4, ECF No. 50.)

There is no dispute that on March 16, 2015, when this action arose, the State of California provided its prisoner the right to appeal administratively "any departmental decision, action, condition or omission by the department or its staff that the inmate can demonstrate as having a material adverse

7

effect upon his or health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  It is undisputed that Plaintiff submitted an inmate appeal, institutional log no. KVSP 15-00956, in which he complained that his lower bunk chrono issued on March 16, 2015 was ignored by staff.  Plaintiff listed staff that he complained about as "Romero, Pomoa, Swanson, River and R. Perez."  This appeal received a first level response.  However, the appeal was cancelled at the second level because Plaintiff exceeded the time constraints for submitting the appeal.  This appeal was not considered for a third level decision.  (Voong Decl. ¶ 8(b), Ex. B.)  It is further undisputed that Plaintiff submitted an inmate appeal, which was given log no. TLR Case No. 1503860 (institution log no. KVSP-15-2111), regarding the cancellation of his inmate appeal, institution log no. KVSP 15-00956.  However, inmate appeal log no. TLR Case No. 1503860, was only considered for its appeal of the cancellation decision on inmate appeal institution log no. KVSP 15-00956.  Inmate appeal log no. TLR Case No. 1503860 (institution log no. KVSP-15-2211), was denied at the third level on November 24, 2015.  (Voong Decl. ¶ 8(c).)

Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules.  See Woodford v. Ngo, 548 U.S. at 90-91.  A cancellation decision does not exhaust administrative remedies.  Cal. Code Regs. tit. 15, § 3084.1(b).  An inmate can appeal that cancellation decision separately by appealing the application of § 3084.6(c) to his appeal; if he prevails on that separate appeal, the cancelled appeal later can be considered at the discretion of the appeals coordinator or the third level appeals chief.  Id. § 3084.6(a)(3) and § 3084.6(e).  Because Plaintiff's inmate appeal log no. KVSP 15-00956 was cancelled as untimely, and Plaintiff's appeal of the cancellation decision was denied, the Court finds Defendants have met their initial burden of proof.  The burden now shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  Albino, 747 F.3d at 1172.

Plaintiff argues that he timely submitted appeal log no. KVSP 15-00956 to the second level of review on May 20, 2015; however, unbeknownst to him and for some unknown reason the appeal was improperly forwarded to the Health Care Appeals Office, and date-stamped received on June 19, 2015.

Therefore, the issue to be determined is whether Plaintiff's administrative remedies were rendered unavailable by a delay in receipt of the appeal at the second level of review.

Plaintiff declares, under penalty of perjury and in pertinent part, as follows:

On May 20, 2015, I timely resubmitted my non-health-care appeal for the second level of review, to exhaust all available administrative remedies, in accordance with the Prison Litigation Reform Act (PLRA) of 1995. However, as before I submitted my non-health-care appeal log no. KVSP-0-15-00996, by signing and dating the non-health-care appeal May 20, 2105, and placing it into a U-Save-Em envelope, addressed to the Inmate Appeals Coordinator's Office and then placing that U-Safe-Em envelope into the Inmate Appeal Box, located in the D3 housing unit. At that point, I no longer had control over or a responsibility for that non-health-care appeal.

On May 20, 2015, prior to resubmitting my non-health-care for second level review, I gave it to my then cellmate Sheridan O. Smith, CDC #AE-8269, to read my second level response and to again witness me place that non-health-care appeal into a U-Save-Em envelope and place that U-Save-Em envelope into the Inmate Appeals Box, located in the D3 housing unit.

On June 19, 2015, after my non-health-care appeal log no. KVSP-0-15-00996, was timely resubmitted, it became mishandled, lost and relocated, by prison appeals officials, that then forwarded that non-health-care appeal, to the Health Care Appeals Coordinator's Office for processing and it was arbitrary, capriciously and subsequently, cancelled as untimely, by the wrong prison inmate appeals officials.

(Pl. Decl. at 2-3, ECF No. 50.)[1]

Contrary to Defendants' argument that Plaintiff has failed to submit or point to evidence to support his argument, Plaintiff's claim is supported by the KVSP HC appeals stamp dated received June 19, 2015, on appeal no. KVSP 15-00956. (Voong Decl. ¶ 8(b), Ex. B.) The next date stamp is dated June 25, 2015 (without any reference to KVSP HC), and the rejection letter dated July 8, 2015, reflects the appeal addressed therein involved living conditions, in particular celling-dated June 25, 2015. (Id.) Furthermore, and of great significance, Plaintiff submits a declaration by his cellmate Sheridan O. Smith, who declares, under penalty of perjury, that he has "read several of the inmate 602 grievances by [Plaintiff] and witnessed him place them into a U-Save-Em envelope addressed to the Inmate Appeals Coordinator's Office, including his grievance submitted on April 1, 2015 and

---

[1] To the extent Defendants challenge the veracity of Plaintiff's declaration, as stated by the United States Court of Appeals for the Seventh Circuit, "the potential for fraud does not justify obligating truthful prisoner to prove that they mailed their complaints when the prison authorities do not provide them with means for verification." Dole v. Chandler, 438 F.3d 804, 813 (7th Cir. 2006).

resubmitted the grievance for a second level response on May 20, 2051.  In this particular 602

grievance [Plaintiff] was appealing the staff misconduct of correctional officers assigned to KVSP,

facility C, building 4, second and third watch who had ignored his lower bunk medical chrono which

had been renewed, resulting in serious injuries to his right ankle and right hip."[2] (Pl. Opp'n, Ex. C.)

　　　　While Plaintiff is not certain whether his May 20, 2015 appeal to the second level review was

lost, delayed or purposefully mishandled by prison officials, the result is the same in either

circumstance because of the unavailability of the administrative grievance process.  See Albino, 697

F.3d at 1034 ("[A]ffirmative actions by jail staff preventing proper exhaustion, even if done

innocently, make administrative remedies effectively unavailable.").  Plaintiff attempted to rectify the

problem and continuously informed prison officials by way of inmate appeal log no. KVSP-15-02211,

that he resubmitted appeal log no. KVSP 15-00956 on May 20, 2015, but it was improperly delayed

and forwarded to the health care appeals coordinator and not the custody appeals coordinator.  (Pl.

Opp'n, Ex. D.) It is undisputed that Plaintiff's appeal log no. KVSP-0-15-00996 was not a health care

appeal.  It is further undisputed that this appeal was received by the KVSP health care appeals office

on June 19, 2015.  (Voong Decl. ¶ 8(b), Ex. B.)  In addition, it is undisputed that the appeal was then

received at the office of appeals on June 25, 2015.  (Id.)  The determination of how or why the appeal

was received and dated-stamped at the *Health Care* Appeals Office was not addressed at the

administrative grievance level or by Defendants in their motion for summary judgment.  Viewing the

evidence in the light most favorable to Plaintiff (as this Court must), Plaintiff has shown by sufficient

evidence that the administrative remedies were effectively unavailable to him, and Defendants are not

entitled to summary judgment.

## IV.

## RECOMMENDATION

　　　　Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion for

summary judgment be denied.

---

[2] Although Defendants argue that the Court should not consider this declaration because it was not submitted along with
his appeal of the cancellation in log no. KVSP-15-02211, Defendants fail to provide persuasive legal authority for such
requirement and the Court finds no reason to disregard it.

1        This Findings and Recommendation will be submitted to the United States District Judge

2  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21)**

3  **days** after being served with these Findings and Recommendation, the parties may file written

4  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

5  Findings and Recommendation."  The parties are advised that failure to file objections within the

6  specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-

7  39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

8

9  IT IS SO ORDERED.

10  Dated:   **March 5, 2019**

11                              UNITED STATES MAGISTRATE JUDGE